UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KOHEN DIALLO E. UHURU,

Plaintiff,

v.

JASMIN GIN, et al.,

Defendants.

No. 2:25-cv-03522-DAD-JDP P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PAYMENT OF THE REQUIRED FILING FEE WITHIN 30 DAYS

(Doc. Nos. 2, 9)

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On, February 13, 2026, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to proceed *in forma pauperis* be denied and that he be ordered to pay the required filing fee in order to proceed with this action. (Doc. No. 9.) Specifically, the magistrate judge concluded that plaintiff: (1) is subject to the "three strikes" bar under 28 U.S.C. § 1915(g) because he has suffered at least three qualifying dismissal orders in past cases brought by him as previously found by district judges of this court;

/////

and (2) the allegations of his complaint in this action do not purport to satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (*Id.* at 1–2.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 2.) On February 26, 26, the court received plaintiff's objections to the pending findings and recommendations.[1] (Doc. No. 10.) Plaintiff's objections are somewhat lengthy and difficult to decipher. In several instances plaintiff contends in conclusory fashion that he faced imminent danger of serious physical injury in many ways at the time of the filing of his complaint in this action. (*Id.* at 3–6.) However, as the magistrate judge explained in the pending findings and recommendation, the claims asserted by plaintiff in his complaint relate only to the purported denial of religious accommodations, denial of parole, and claimed violations of plaintiff's rights under the Americans with Disabilities Act. (Doc. No. 9 at 2.) Nowhere in his objections does plaintiff identify any nexus whatsoever between the imminent dangers he argues he faced at the time he filed his complaint and the claims he asserted in that complaint. Having failed to do so, plaintiff has not demonstrated that he falls within the imminent danger exception to § 1915(g). *See Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022) ("We agree with our sibling circuits that the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."). The court therefore concludes that plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on February 13, 2026 (Doc. No. 9) are adopted in full;

---

[1] The court apologizes for the delay in the issuance of this order. Due to an oversight, the undersigned was unaware that these findings and recommendations were pending before the court until recently.

2. Plaintiff's application to proceed *in forma pauperis* in this action (Doc. No. 2) is denied;

3. Plaintiff is granted thirty (30) days from the date of this order to pay the required filing fee in order to proceed with this action;

4. Plaintiff is forewarned that a failure to pay the required filing fee within the time provided by this order will result in the dismissal of this action; and

5. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **August 31, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE